# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Clinton C. Simpson,
**Petitioner Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 16-0202 (Kanawha County 15-P-63)

David Ballard, Warden,
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clinton C. Simpson, by counsel Clinton W. Smith, appeals the Circuit Court of Kanawha County's January 15, 2016, order denying his petition for writ of habeas corpus. Respondent David Ballard, Warden, by counsel David A. Stackpole, filed a response and supplemental appendix.[1] On appeal, petitioner argues that the circuit court erred in denying his habeas petition on the grounds of ineffective assistance of trial counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2012, petitioner, who lived in a home separate from his wife, set his wife's home on fire after becoming upset at rumors that she had cheated on him. He was later arrested and charged with arson in the first degree. At his trial, which commenced on November 4, 2013, four eyewitnesses placed petitioner at his wife's home at the time of the fire and testified to seeing him pour a liquid over the home's front porch. Three of the four witnesses testified that they smelled gasoline. Three witnesses also testified to seeing petitioner go to the rear of his wife's home and, soon thereafter, seeing the rear of the home in flames. The jury returned a verdict of guilty.

On November 27, 2013, petitioner was sentenced to a determinate term of twenty years of incarceration. He later filed a direct appeal claiming that the circuit court erred in denying his

---

[1]Petitioner originally listed Patrick A. Mirandy, Warden of Saint Marys Correctional Center, as respondent in this matter. However, petitioner is no longer housed at Saint Marys Correctional Center and is, instead, housed at Mt. Olive Correctional Complex. Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the name of the correct public officer has been substituted as respondent in this action.

motion to dismiss the indictment for failure to preserve evidence and in denying his motion for a jury instruction on lost evidence. This Court affirmed petitioner's conviction. *See State v. Simpson*, No. 13-1315, 2014 WL 6607481 (W.Va. Nov. 21, 2014)(memorandum decision).

In February of 2015, petitioner filed a pro se petition for writ of habeas corpus in the circuit court. Counsel was thereafter appointed to represent petitioner in his habeas proceeding, and on August 11, 2015, petitioner filed an amended petition. Petitioner alleged that his trial attorneys rendered ineffective assistance due to their failure to adequately investigate petitioner's case, sufficiently consult with petitioner, and their deficient conduct at trial. Petitioner argued that, had counsel met with him an adequate number of times, they could have presented evidence that petitioner did not start the fire at his wife's home. Petitioner also stated that counsel did not prepare him to testify and that, had he testified, he would have explained that he did not have the means to ignite a fire. Petitioner also asserted that counsel failed to consult an expert witness who could have testified as to criminal responsibility and competency given petitioner's history of alcohol abuse. Lastly, petitioner argued that counsel failed to prepare him adequately for sentencing. Namely, counsel purportedly failed to prepare him for allocution and failed to review the presentence investigation report with petitioner to correct inaccuracies.

A hearing on petitioner's amended habeas petition was held on November 9, 2015. At this hearing, the circuit court also heard argument on an additional claimed deficiency in petitioner's representation, which centered on a remark made by the State during its closing argument. The State, in attempting to dispel any notion that one of the eyewitnesses who testified against petitioner was the individual who, in fact, started the fire, stated as follows:

> Not one person who took that stand told you they suspected Quinton Caldwell started that fire.
>
> They told you that he was on the front porch of the neighbor's house. They told you that it was him that even helped clean up. They told you that he went and he was there and gave a statement – went down, gave a recorded statement. Because he's trying to do the right thing.
>
> You know who didn't stick around to give a statement, the only person involved in this case that did not stick around to give a statement? Clinton Simpson. Clinton Simpson is the one that disappeared. Clinton Simpson is the one that fled. That's what guilty people do.

Petitioner claimed that this remark allowed the jury to infer that his decision not to testify at trial evidenced his guilt. After considering all of these grounds, by order entered on January 15, 2016, his petition was denied. It is from this order that petitioner appeals.

On appeal, petitioner claims that the circuit court erred in finding that he received effective assistance of counsel. In support of this contention, petitioner asserts that his trial counsel failed to meet with him a sufficient number of times prior to trial, that they failed to

discuss his right to testify thoroughly enough to allow him to make an informed decision on that issue, that they failed to properly counsel him on his right of allocution, and that they should have prepared him to testify in case he decided to testify at the last minute. Petitioner also claims that his counsel was deficient in failing to respond to or remedy the State's closing argument remark. Petitioner asserts that counsel should have objected to the remark, sought a limiting instruction, or sought an instruction on flight. Finally, petitioner notes that during his habeas hearing, his trial counsel admitted to not being fully prepared to try his case. Specifically, one of his trial attorneys lamented the inability to locate a witness, testified that there were several "loose ends" in their investigation that she would have liked to have "tied up," and that she should have filed a motion to continue.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995).

Petitioner first contends that his trial counsel failed to meet with him a sufficient number of times prior to trial. Petitioner contends that counsel met with him only three times prior to trial; however, he has cited no law mandating that counsel meet with his or her client a specific number of times, nor has he articulated on appeal how the result at trial would have been different had additional meetings occurred. Instead, for this and every other ground raised, petitioner merely asks this Court to presume that the result of the proceedings would have been different.

At petitioner's omnibus hearing, one of his trial attorneys testified to meeting with petitioner four times prior to trial, while the other testified to meeting with him "multiple" times. An in-depth review of one of his trial attorney's case file was undertaken during this hearing. The circuit court noted that the

file is replete with indicia of competent, effective counsel. It includes her work time sheets showing seventy-eight hours of preparation and work on the [p]etitioner's case, pages of handwritten notes of [counsel's] preparation for trial and meetings with the [p]etitioner, over a dozen email correspondences between [counsel and co-counsel] concerning the [p]etitioner's case, and typed outlines of cross examinations, arguments for motions and objections, and closing argument.

This recitation does not include the work performed by petitioner's other attorney, nor does it include the work performed by a private investigator engaged by counsel to assist in investigating the case. Petitioner does not explain what more counsel could have done, or how additional meetings would have changed the outcome of his trial. For these reasons, the circuit court's conclusion that "trial counsel acted objectively reasonable and within the realm of professional assistance in the preparation for the [p]etitioner's trial" is not clearly erroneous.

Next, petitioner claims that trial counsel failed to discuss his right to testify in a manner that allowed him to make an informed decision about whether to testify. He further states that counsel should have prepared him to testify, even though he chose not to, in case of a last minute change in plans. In his appeal to this court, petitioner fails to outline what his testimony would have been and, importantly, how that testimony would have altered the outcome of his trial. Petitioner's amended petition for writ of habeas corpus claims that his testimony would have been that he did not have the means to ignite the fire and that someone else ignited the fire. The circuit court rejected this claim, however, because petitioner failed to identify who started the fire and because the eyewitness testimony against him was overwhelming. Witnesses testified to seeing petitioner with a lighter lighting his own cigarettes, to his presence at the scene of the crime, to seeing him pour liquid on the victim's home, and to seeing him disappear behind the victim's home just before flames became visible. We find that the circuit court's findings on this issue are not clearly erroneous.

Petitioner also claims that trial counsel failed to adequately prepare him for sentencing. Specifically, counsel purportedly failed to counsel him on his right of allocution. Other than to say that this right affords a defendant the opportunity to ask for mercy, explain their conduct, express remorse, and accept responsibility, petitioner does not outline any specific testimony he would have offered had he exercised his right of allocution. He also fails to articulate how exercising this right would have changed the outcome of the proceedings. The circuit court found this ground to be without merit because petitioner failed to identify evidence that his trial counsel failed to prepare him for sentencing. Moreover, petitioner was asked at sentencing whether he wished to make any comments. He replied, "[n]o, sir." Accordingly, the circuit court's finding that this ground lacks merit is not clearly erroneous.

Petitioner also assigns as error trial counsel's failure to respond to or remedy the aforementioned remarks the State made during its closing argument. Petitioner claims the remarks allowed the jury to infer that petitioner's failure to testify at trial was evidence of his guilt. Petitioner claims that trial counsel should have objected and asked for a limiting instruction

or for an instruction on flight. However, the circuit court concluded that the State's remarks did not refer to petitioner's decision not to testify at trial but concerned only the petitioner's conduct on the night he set fire to his wife's home. The circuit court also noted that the jury was instructed on petitioner's constitutional right not to testify and that his exercise of that right cannot be considered evidence of his guilt. Thus, the circuit court found no merit to this argument. With respect to petitioner's contention that counsel should have objected or sought an additional jury instruction, we note that petitioner has failed to articulate how, in the face of the circuit court's instruction on petitioner's right not to testify and the eyewitness testimony against him, any objection or instruction would have produced a different result at trial. As a result, the circuit court's finding that this ground is without merit is not clearly erroneous.

Finally, petitioner argues that trial counsel's failure to be adequately prepared for trial amounted to ineffective assistance of counsel. Petitioner claims that counsel were not able to locate a witness or tie up loose ends in their investigation; therefore, they should have filed a motion to continue the trial to locate the witness and to be fully prepared. At petitioner's omnibus hearing, one of his trial attorneys admitted to feeling as though counsel should have been more prepared for trial. The circuit court rejected this statement, however, following the review of this attorney's case file, as described above. Additionally, petitioner's other trial counsel testified to having had ample time to prepare for trial and defend petitioner. The circuit court also noted trial counsel's engagement of a private investigator, who, among other things, attempted to locate the missing witness. The record reveals that the investigator was unable to find this witness, however, because she had been evicted from her home. Importantly, petitioner does not set forth what the missing witness's testimony would have been had she testified, and he does not indicate what loose ends remained or what additional investigation would have revealed. Petitioner further fails to articulate how the missing witness's testimony or any additional investigation would have altered the outcome of the trial. Consequently, we find that the circuit court's conclusion that petitioner failed to satisfy either prong of *Strickland/Miller* is not clearly erroneous.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 5, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5